**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

JOSE ALBERTO MENDEZ ALVAREZ,  )
           )
  *Petitioner,*      )
           )
  v.         )  Case No. 1:26-cv-23 (PTG-WBP)
           )
PAMELA BONDI, *et al.,*   )
           )
  *Respondents.*    )
           )
           )
           )

## <u>ORDER</u>

This matter comes before the Court on Petitioner Jose Alberto Mendez Alvarez's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). Dkt. 11. On February 3, 2026, the Court granted the Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a bond hearing. Dkt. 7. On February 11, 2026, Respondents denied Petitioner bond at his scheduled hearing. Dkt. 11 at 1. For good cause shown, it is hereby

**ORDERED** that Petitioner's Motion (Dkt. 11) is **GRANTED**; it is further

**ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner pending adjudication of his Request for an Order to Show Cause (Dkt. 10) unless he commits a new crime, fails to appear at any scheduled immigration hearings for which he receives proper notice, or pursuant to 8 U.S.C. § 1231(a)(2); it is further

**ORDERED** that Petitioner's Request for Order to Show Cause (Dkt. 10) is **GRANTED**; and it is further

ORDERED that Respondents **SHOW CAUSE** within fourteen (14) days of this Order as to why this Court should not find that the Immigration Judge failed to properly consider all the relevant factors related to his finding that Petitioner is a flight risk and, on that basis, denied him bond.[1] Any reply is due within fourteen (14) days of receiving Respondents' pleading.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 13th day of February, 2026.
Alexandria, Virginia

/s/
_____
Patricia Tolliver Giles
United States District Judge

---

[1] The Court recognizes that it does not have jurisdiction to review the substantive merits of the Immigration Judge's bond determination, *see* 8 U.S.C. §§ 1225(b)(2), 1226(e); however, the Court has the authority to review whether the factors the Immigration Judge considered in his bond determinations are constitutionally compliant, *Mejia Orozco v. Lyons, et al.*, No. 1:25-cv-1762-AJT-WEF, Dkt. 20 at 7 (ordering the federal respondents to either release the petitioner or to conduct an individualized bond hearing consistent with the Order).

2